John J. Hebert (#010633)
Philip R. Rudd (#014026)
Wesley D. Ray (#026351)
**POLSINELLI SHUGHART PC**
3636 North Central Avenue, Suite 1200
Phoenix, AZ 85012
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-mail: PhoenixBankruptcyECF@polsinelli.com
E-Mail: jhebert@polsinelli.com
E-Mail: prudd@polsinelli.com
E-Mail: wray@polsinelli.com

*Attorneys for the Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RCC SOUTH, LLC<br>  Debtor.<br><br>Tax EIN:   xxx-xx-3517 | Chapter 11 Proceedings<br><br>Case No. 2:10-bk-23475-SSC<br><br>**APPLICATION TO EMPLOY HIGHLAND FINANCIAL CONSULTING LLC AS CHIEF RESTRUCTURING OFFICER PURSUANT TO SECTIONS 327, 328 AND 330 OF THE BANKRUPTCY CODE** |

RCC South, LLC, debtor and debtor-in-possession (the "Debtor"), by and through its attorneys, Polsinelli Shughart PC, hereby submits this Application pursuant to Sections 327(a), 328 and 330 of the Bankruptcy Code for the entry of an order authorizing the Debtor to retain and employ John Prince of Highland Financial Consulting LLC ("CRO") as the Debtor's Chief Restructuring Officer. This application is supported by the memorandum of points and authorities set forth below, the Declaration of John V. Prince (the "Prince Declaration") and the entire record before the Court in this Chapter 11 Case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**FACTUAL BACKGROUND**

The factual and procedural background pertinent to this motion may be summarized as follows:

1. On July 27, 2010, Debtor filed is voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona.

1

2715193.1

2. The Debtor is operating its business and managing its assets as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. The Debtor is an Arizona limited liability company engaged in owning and operating two Class A office buildings in Scottsdale, Arizona.

**LEGAL DISCUSSION**

1. By this application, the Debtor requests that the Court enter an order pursuant to §§ 327(a), 328(a) and 330 of the Bankruptcy Code authorizing the Debtor to employ and retain the CRO as its Chief Restructuring Officer in this Chapter 11 Case. The Debtor has an ongoing and immediate need for restructuring services to assist it in preserving and maximizing its estate and its creditors. The Debtor wishes to retain the CRO to continue providing such services.

2. The CRO is a financial consultant that is well qualified to serve as the Debtor's Chief Restructuring Officer. Specifically, the CRO has extensive experience providing management and financial and restructuring services to a variety of clients, focusing on financial accounting and other business operational areas. The CRO works with company management to help stabilize financial and operational performance by developing and implementing comprehensive financial accounting controls and working capital plans. CRO has also served under bankruptcy court supervision in a prior Chapter 11 case as a member of the board of directors and as Chief Financial Officer of a liquidating trust. A copy of the CRO's curriculum vitae is attached hereto as Exhibit "A".

3. Prior to the Petition Date, the CRO provided financial consulting services to the Debtor, and agreed to continue providing those services in Debtor's anticipated Chapter 11 bankruptcy filing, pursuant to the terms of that certain consulting agreement dated July 22, 2010 (the "Consulting Agreement"), a copy of which is attached as Exhibit "A" to the Prince Declaration. By this application, the Debtor requests that the CRO's employment be approved on the terms and conditions of the Consulting Agreement. Specifically, the Debtor requests that the Application and the CRO's employment be approved under the standards set forth in Sections 328(a) and 330 of the Bankruptcy Code.

2715193.1

4. The resources, capabilities and experience of the CRO in advising the Debtor are crucial to the success of the Debtor's Chapter 11 Case. An experienced advisor such as the CRO fulfills a critical service that complements the services offered by the Debtor's other professionals, but does not duplicate them.

5. The services the CRO has provided since the Petition Date, and will continue to provide to the Debtor pursuant to the Consulting Agreement include, without limitation, the following:

    a) Work closely with Debtor's legal counsel to facilitate preparation and filing of a Plan of Reorganization, assist in preparation and filing of statements and schedules, monthly operating reports, and any other operating required to facilitate the intended successful reorganization of the client.

    b) Attend certain court hearings on behalf of the Debtor.

    c) Serve in the capacity as the Debtor's Chief Restructuring Officer, assisting with the financial oversight and management of all financial operations of client on as needed basis.

6. In addition, the CRO will participate in all meetings, negotiations, or any other discussions to adequately perform such services as outlined herein. The professional services that the CRO will render to the Debtor are necessary in the operation and management of the Debtor's business and assets and are essential to the success of the Debtor's Chapter 11 Case.

7. To the best of the Debtor's knowledge, based upon the Prince Declaration and except as set forth herein, neither the CRO, nor its members, officers, or employees hold or represent any interest adverse to the Debtor or its estate, its creditors, or any other party in interest, and the CRO is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code (as modified by § 1107(b) of the Bankruptcy Code). In addition, except as set forth herein and in the Prince Declaration, to the best of Debtor's knowledge, neither the CRO, nor its members, officers, employees, or professionals have any connections with the Debtor, its creditors or any other parties-in-interest, its current respective attorneys, or the Office of the United States Trustee

2715193.1

for Region 14. Although the following does not disqualify the CRO as a professional to be retained by the Debtor, the CRO discloses the following out of an abundance of caution and in order to ensure full disclosure to the Court and interested parties: The CRO also provides financial consulting services to (i) Sedona Development Partners, LLC ("SDP"); (ii) The Club At Seven Canyons ("The Club"), (iii) Avondale Gateway Center Entitlement, LLC ("AGCE"); and (iv) RCC North, LLC ("RCC North"). SDP's managing member is Seven Canyons Investors, LLC ("SCI"). The Club's managing member is Sedona Development Partners, LLC. AGCE's managing member is Avondale Gateway Center, LLC ("AGC"). RCC North's sole member is Raintree Corporate Center Holdings, LLC ("Raintree"). SCI's, AGC's and Raintree's managing member is Cavan Management Services, LLC ("CMS"). CMS is (a) the managing member of the Debtor's managing member, Raintree Corporate Center Holdings, LLC ("RCCH"), (b) the property manager and asset manager for the Debtor's property, and (c) a creditor of the Debtor. The CRO does not represent or provide consulting or other services to CMS in any capacity, including in this case.

8. Pursuant to the Consulting Agreement, the CRO has received a retainer of $35,000 prepetition.

9. The rate charged by the CRO shall be $135 per hour. The CRO will also seek reimbursement for its reasonable and necessary expenses.

10. The Consulting Agreement contains certain indemnification provisions. Generally, the CRO will indemnify and hold harmless Debtor from any claims, damages, liabilities, judgments, penalties, fines, taxes or settlements caused by or arising out of the acts or omissions of the CRO. The CRO's indemnification shall survive the termination of the Consulting Agreement.

11. Section 328(a) of the Bankruptcy Code permits a debtor to employ a professional "on any reasonable terms and conditions of employment." The CRO's employment as a professional in a Chapter 11 case has been approved in this district on similar terms. *See In re Southwest Supermarkets, L.L.C.*, No. 01-14805 (Bankr. D. Ariz. Nov. 6, 2001).

12. The Debtor believes that the CRO's fees and the other terms of the Consulting Agreement are fair and reasonable in light of industry practice, market rates both in and out of

4

2715193.1

Chapter 11 proceedings, the CRO's experience in reorganizations, and the scope of the work to be performed pursuant to the CRO's retention. The CRO's final compensation in connection with its employment will remain subject to review in accordance with §§ 328(a) and 330 of the Bankruptcy Code. Accordingly, the Debtor requests that the CRO's engagement be approved under §§ 328(a) and 330 of the Bankruptcy Code and that the CRO's compensation be subject to adjustment by the Court only under the standards of review provided in those sections.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

A. Authorizing and approving the retention and employment of the CRO as the Chief Restructuring Officer to the Debtor in this Chapter 11 Case pursuant to §§ 327, 328(a) and 330 of the Bankruptcy Code, effective as of the Petition Date;

B. Approving such employment on the terms and for the compensation set forth in the Consulting Agreement;

C. Granting such other and further relief as the Court deems just and proper.

DATED: August 11, 2010.

        POLSINELLI SHUGHART PC

        By: _____
           John J. Hebert
           Mark W. Roth
           Philip R. Rudd
           Arturo A. Thompson
           Wesley D. Ray
           Security Title Plaza
           3636 N. Central Ave., Suite 1200
           Phoenix, AZ 85012

        Attorneys for the Debtor

**COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on August 11, 2010, to:

| | |
|---|---|
| U.S. TRUSTEE'S OFFICE<br>230 N. 1st Avenue, Suite 204<br>Phoenix, AZ 85003 | Susan G. Bowell * susan.boswell@quarles.com<br>QUARLES & BRADY LLP<br>One South Church Ave., Suite 1700<br>Tucson, AZ 85701-1621<br>    *Attorneys for iStar FM Loans LLC* |

5

2715193.1

Peter A. Siddiqui * peter.siddiqui@kattenlaw.com
KATEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
    *Attorneys for iStar FM Loans LLC*

By:    */s/ Mary Engel*

6

2715193.1